UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO GONZALEZ CRUZ,<br><br>    Petitioner,<br><br>    v.<br><br>SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, and DALE J. SCHMIDT, Sheriff, Dodge Detention Facility,<br><br>    Respondents. | No. 25 CV 13713<br><br>Judge Manish S. Shah |

## ORDER

The petition for a writ of habeas corpus [1] is granted, and no reply is necessary. Kristi Noem, Pamela Bondi, and Executive Office for Immigration Review are dismissed as respondents. The government reports that petitioner is in the custody of Sheriff Dale J. Schmidt. [10]. The clerk shall add Sheriff Dale J. Schmidt as a respondent to the caption. Respondents are ordered to provide petitioner with a release hearing under 8 U.S.C. § 1226(a), at which mandatory detention under § 1225(b)(2) does not apply and the immigration judge makes an independent bond determination, by December 2, 2025, or otherwise release him. The parties shall file a status report confirming compliance with this writ by December 4, 2025.

## STATEMENT

Petitioner Fernando Gonzalez Cruz, a Mexican national, has been detained without a hearing affording him a full opportunity to seek release. [1] ¶¶ 15, 39–40; [11-1] at 1; [14] at 1–2.[1]

The government asserts that petitioner was given the opportunity for a hearing, but declined. [11-1] at 1. Petitioner replies that he withdrew his request for a hearing because the immigration judge previewed that the outcome would result in mandatory detention under 8 U.S.C. § 1225(b)(2), notwithstanding the request for a hearing under 8 U.S.C. § 1226(a). [14] at 1–2. I conclude that petitioner did not waive

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

a hearing under § 1226(a), but instead preserved his ability to seek habeas relief to ensure that § 1225(b)(2) would not be a barrier to his requested relief in immigration court. The petition remains a live controversy.

On the merits, as the government notes, application of the statutory framework for detention and release pending removal proceedings has been litigated in a series of recent petitions for writs of habeas corpus in this district. The government renews the arguments for dismissal of those petitions in this case and the only distinction this case presents is the hiccup that some type of release hearing had been offered to Gonzalez Cruz. That distinction does not affect the merits, because Gonzalez Cruz has not been afforded a full opportunity to be heard on a request for release.

Gonzalez Cruz entered the United States, apparently without inspection, in 1996, and remained in the United States. [1] ¶ 34. For the reasons stated in *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *1–6 (N.D. Ill. Oct. 29, 2025), I conclude that this court has jurisdiction over Gonzalez Cruz's petition, exhaustion is not required (it would be futile), and an "applicant for admission" is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) unless the applicant is also seeking admission. The government points to no evidence that Gonzalez Cruz was seeking admission at the time of his encounter with immigration officials. *See* [11-1]. The petition alleges that Gonzalez Cruz entered the United States and remained, without taking any affirmative steps to seek admission. *See* [1] ¶ 34. Under 8 U.S.C. § 1226(a), the default procedures for individuals present in the United States apply to Gonzalez Cruz, including discretionary detention and an opportunity to seek release. *See Corona Diaz*, 2025 WL 3022170, at *4–6.

Gonzalez Cruz's detention under § 1225(b)(2)(A) is contrary to the Immigration and Nationality Act. Without a hearing authorized by § 1226(a), at which detention under § 1225(b)(2)(A) does not apply, he is in custody in violation of the laws of the United States. I grant his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[2]

ENTER:

Manish S. Shah
United States District Judge

Date: November 21, 2025

---

[2] Because I conclude that Gonzalez Cruz is being held in violation of the Immigration and Nationality Act, and the relief granted in this order provides complete relief to Gonzalez Cruz, I do not reach whether he has also been denied due process.